UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-23502-CMA

BEAU BOLLINGER,
a citizen and resident of Missouri

      Plaintiff,

v.

NCL (BAHAMAS) LTD.,
d/b/a NORWEGIAN CRUISE LINES,
a Bermuda corporation,

      Defendant.

                                    /

## <u>ORDER FOLLOWING DISCOVERY HEARING</u>

**THIS CAUSE** came before the Court on February 11, 2026, upon Defendant NCL (Bahamas) LTD's ("Defendant" or "Norwegian") Motion to Recover Attorney's Fees and Costs Associated with Plaintiff's Second Deposition. *See* [ECF No. 78]. This case involves injuries allegedly suffered by Plaintiff Beau Bollinger ("Plaintiff") while on an excursion booked through Defendant. *See generally* [ECF No. 32]. Summary judgment was ultimately granted in favor of Defendant and against Plaintiff on January 28, 2026, with final judgment being entered in favor of Defendant on the same day. *See* [ECF Nos. 77, 78]. The matter currently before Court involves omissions made by Plaintiff during discovery, necessitating Plaintiff's re-deposition and unnecessary expenditure of resources by Defendant. *See* [ECF No. 49]. The Court having heard argument of counsel, and being fully advised, hereby **GRANTS** the Motion.

## <u>RELEVANT BACKGROUND</u>

Relevant to the instant dispute, Plaintiff alleges that he was injured on February 28, 2024, after falling off the back of a truck while on an excursion booked through Defendant in Roatan,

Honduras (the "Honduras Accident"). *See* [ECF No. 32 ¶¶ 35–38]. As a result, Plaintiff claimed injuries to his cervical vertebrae. *See* [*id.* ¶ 39].

Plaintiff's Answer to Defendant's Initial Interrogatory Number 20, served on July 28, 2025, stated that Plaintiff had never been involved in an accident, incident, or occurrence that resulted in physical, psychological or other injury other than the Honduras Accident that is the subject of the lawsuit. Relying on the truthfulness of Plaintiff's verified interrogatory answer, Defendant proceeded to schedule Plaintiff's first deposition for September 10, 2025. The day before the deposition, September 9, 2025, Defendant obtained medical records from Plaintiff that indicated Plaintiff had visited the emergency room on December 27, 2024, roughly ten months after the Honduras Accident. Though Defendant was in possession of these records the day before Plaintiff's deposition, Norwegian expected Plaintiff's verified answers to interrogatories to be truthful and thus did not have adequate time to fully investigate the emergency room visit prior to the deposition. Further, Plaintiff testified during his initial September 10, 2025, deposition that he had not seen any other doctors for his neck or shoulder after his May 2024 cervical fusion surgery stemming from the Honduras Accident.

On November 3, 2025, Norwegian received a Rule 35 report from its expert, Dr. Amar Rajadhyaksha, where Dr. Rajadhyaksha indicated Plaintiff reported a separate car accident in December 2024 where he hit a deer. Plaintiff initially denied suffering any injuries from this subsequent car accident. However, based on Plaintiff's reporting, Defendant ultimately determined that the December 2024 emergency room visit included in Plaintiff's medical file was related to this *subsequent* car accident. Indeed, Plaintiff reported to the emergency room on December 27, 2024, that he had right-sided neck pain with radiation down his right hand and arm.

On December 3, 2025, the Court held a discovery hearing during which Norwegian moved to compel a second deposition of Plaintiff at Plaintiff's own expense on the limited topic of Plaintiff's subsequent accident(s). *See* [ECF No. 46]. The Court granted Norwegian's motion in part, ordering Plaintiff to appear for a second deposition and allowing Norwegian to seek to recover fees and costs after the completion of Plaintiff's second deposition if the subsequent deposition revealed that Plaintiff had concealed information regarding his injuries. *See* [ECF No. 49].

The parties completed Plaintiff's second deposition on December 23, 2025. During this second deposition, Plaintiff testified that in December 2024 (approximately ten months after his excursion injury) he was driving a truck at a speed of twenty-five to thirty miles per hour when he hit a deer, causing his truck to become inoperable and declared a total loss. Plaintiff also confirmed that he had not seen a doctor for his neck for almost six months prior to this December 2024 accident, but approximately two weeks after he hit the deer, he went to the emergency room for "aggravated neck pain." He admitted during the second deposition that he had told emergency room personnel the pain was caused by the collision with the deer.

Norwegian's Eighth Affirmative Defense in this case was a defense of intervening and superseding causes. *See* [ECF No. 41 at 8]. Plaintiff's testimony at his second deposition contradicts his verified interrogatory response claiming he had never been involved in an accident, incident, or occurrence that resulted in physical, psychological or other injury other than the Honduras Accident. The evidence is directly related to Norwegian's defenses in this case and Plaintiff's alleged injuries. Plaintiff's only explanation for the contradiction during his second deposition was that hitting the deer was not "an actual accident" because "people hit deer all of the time[.]"

3

Pursuant to Federal Rule of Civil Procedure 37, following a motion to compel discovery, "the [C]ourt must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) the other circumstances make an award of expenses unjust." *See* Fed. R. Civ. P. 37(a)(5)(A). The Court finds that none of the three exceptions apply here. Norwegian attempted to obtain the relevant discovery, including Plaintiff's second deposition at his own expense, without Court action. Plaintiff's failure to provide the requested information was not substantially justified. Lastly, no other circumstances make an award of expenses unjust.

As a result, the Court finds that an award of attorney's fees and costs under Rule 37 is warranted. Norwegian is entitled to recover reasonable attorney's fees and costs associated with preparing for and attending (1) the December 3, 2025, discovery hearing; (2) the February 11, 2026, discovery hearing; (3) and Plaintiff's second deposition.

Within 14 days from the date of this Order, Norwegian shall communicate to Plaintiff the claimed amount of attorney's fees and costs, including supporting timesheets. Plaintiff shall then have 7 days to communicate to Norwegian whether Plaintiff disputes the amount of Norwegian's claimed attorney's fees and costs.

If Plaintiff disputes the amount of Norwegian's claimed attorney's fees and costs, Norwegian shall request a hearing for resolution of the Rule 37 award amount within 10 days of receiving such notice of dispute.

**SIGNED AND ORDERED** this 23rd day of February, 2026.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: all counsel of record.